UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVE RAY MARICAL,<br><br>Defendant. | CASE NO. 2:24-cr-00167-TL-1<br><br>ORDER ON MOTION FOR TRANSPORTATION EXPENSES |

This matter is before the Court on Defendant Steve Ray Marical's motion for transportation expenses for self-surrender. Dkt. No. 48 (sealed) (ex parte). Having reviewed the motion and the relevant record, the motion is DENIED.

On December 2, 2025, Mr. Marical is scheduled to self-surrender to the Bureau of Prisons at the FCI Englewood facility in Littleton, Colorado. *Id.* at 1. Mr. Marical, a resident of Renton, Washington, is indigent, and he asks the Court "to direct the United States Marshals to provide funds or make arrangements for non-custodial transportation between Renton . . . and

ORDER ON MOTION FOR TRANSPORTATION EXPENSES – 1

1 | Littleton." *Id.* Mr. Marical further seeks "accommodations while in Littleton, Colorado,
2 | including a per diem, and transportation costs to FCI Englewood . . . ." *Id.*
3 |     Mr. Marical makes his request pursuant to 18 U.S.C. § 4285, under which the Court may

> direct the United States marshal to arrange for that person's means of noncustodial transportation or furnish the fare for such transportation to the place where his appearance is required, and in addition may direct the United States marshal to furnish that person with an amount of money for subsistence expenses to his destination.

Dkt. No. 48 at 2. But Section 4285 specifies that a court may direct the United States marshal "to provide the necessary transportation to appear *before the required court* on his own[.]" (Emphasis added). The request here is not to provide funds for Mr. Marical to appear before any court. Further, Section 4285 expressly applies only to defendants "released under chapter 207" of Title 18. Such defendants are those released "pending trial," 18 U.S.C. § 3142(a), or those released pending sentencing, *see id.* § 3143(a), or appeal, *see id.* § 3143(b). Chapter 207 does not apply to defendants who, like Mr. Marical, have already been sentenced.

    The Court's decision here is compelled by binding Ninth Circuit precedent. In *United States v. Lefler*, 880 F.2d 233, 235 (9th Cir. 1989), the Ninth Circuit found that the district court did not err when it denied the defendant's request to be reimbursed for post-sentencing travel costs, in part because the district court lacked the statutory authority to grant the request. The defendant "had been sentenced and no appeal had been taken," and therefore, under Section 4285, "[t]here [was] no statutory basis for post-sentencing travel reimbursement . . . ." *Id.*

    Accordingly, Mr. Marical's motion is DENIED.

*   *   *

    The Court will file this Order *ex parte* and under seal. Mr. Marical is DIRECTED to file a statement advising the Court as to: (1) why his motion was file *ex parte* and under seal; and

ORDER ON MOTION FOR TRANSPORTATION EXPENSES – 2

(2) whether this Order should remain *ex parte* and under seal. Mr. Marical SHALL file this statement **no later than December 1, 2025**. If no response is received, the Court will unseal its Order.

Dated this 24th day of November, 2025.

Tana Lin
United States District Judge